The opinion of the court was delivered by
Gibson, J.
The letter of the proviso which declares that no dividend shall be received by a creditor who did not deliver a general release to the trustees within thirty days from the date of the assignment, undoubtedly embraces the case of the plaintiff; and nothing but a manifest intention on the part of the debtors to restrain its operation to the subsequent classes of creditors would justify us in letting in the plaintiff now, who it is conceded has not executed a release. This intention it is said is to be collected from the omission to provide for payment of the creditors of the first class, rateably, in the event of the fund falling short; as is expressly provided with respect to the creditors of the subsequent classes: consequently that the plaintiff and the other creditors of the first class were viewed as persons who would in any event be paid in full; and that the release of a debt which was to be discharged by actual payment would be nugatory and a condition on which we ought not to intend the debtors meant to insist, the words being well enough satisfied by applying them to the subsequent' classes. To this it is answered, and I think with conclusive force, that the great object of the debtors was to procure a discharge of their personal liability before actual payment of the debts out of the fund, a considerable portion of which was in stock which could not be turned into cash within the period of thirty days. These provisoes, are, in every case, unquestionably designed to answer the intention of procuring a discharge of the debtor’s person, by inducing the creditor to throw himself exclusively on the fund; there is nothing to show that such was not the object here. It would be highly unreasonable to suppose the debtors meant to subject themselves to the vexation of being sued by any creditor who should be entitled under the trust, between the expiration of the period fixed for the delivery of the release and the time when the trustees might be in a condition to discharge the debtj or that the effects assigned should be at the risque of the debtors during that interval. This is one of those plain cases which can receive no illustration from argument; and I shall, therefore, only add that we can discover nothing in the terms of the assignment to give colour to the notion that the debtors in this case did not intend to insist on releases from the creditors of the first class.
Judgment f<?r defendants.